UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-CV-21494-UNGARO

MARIA DOMINGUEZ,
    Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,
    Defendant.
_____/

## ORDER AFFIRMING THE
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

THIS CAUSE is before the Court upon Plaintiff's Motion for Summary Judgment (D.E. 12) and Defendant's Motion for Summary Judgment (D.E. 18).

THE MATTERS were referred to the Honorable William Turnoff, United States Magistrate Judge.  (D.E. 19.)  On July 29, 2009, Judge Turnoff issued a Report and Recommendation recommending that Plaintiff's Motion be DENIED and Defendant's Motion be GRANTED.  (D.E. 23.)  Plaintiff has filed objections to Judge Turnoff's Report and Recommendation (D.E. 24).

THIS COURT has made a *de novo* review of the entire file and record herein, and is otherwise fully advised in the premises.  By way of background, Plaintiff applied for Social Security disability benefits and for Supplemental Security Income benefits.  Her application was denied.  Petitioner then requested a hearing before an Administrative Law Judge ("ALJ"), which was held and the ALJ rendered an unfavorable decision finding that Plaintiff was not under a "disability" as defined by the Social Security Act.  Plaintiff's request for appeal to the Social

1

Security Administration's Appeals Counsel was denied. Plaintiff then filed a complaint with this Court seeking judicial review of the denial of disability benefits. (D.E. 1.)

Plaintiff claims that the ALJ failed to give substantial weight to the records and conclusions of her treating psychiatrist, as required by law. Plaintiff also claims that the ALJ erred in giving more weight to the opinion of consultative physicians than to the opinion of her long-term treating psychiatrist. Finally, Plaintiff argues that the ALJ erred in giving substantial weight to the testimony of a vocational expert because the testimony was given in response to an incomplete hypothetical.

Judicial review of factual findings in disability cases is limited to determining whether the ALJ's findings were based upon substantial evidence and whether the correct legal standards were applied. *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997); 42 U.S.C. § 405(g). "Substantial evidence is described as more than a scintilla, and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Graham,* 129 F.3d at 1422. If supported by substantial evidence, then the ALJ's findings are conclusive. *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991); 42 U.S.C. § 405(g). Even if the Court finds that the "evidence preponderates against the [ALJ's] decision, [the court] must affirm if the decision is supported by substantial evidence." *Barnes*, 932 F.2d at 1358. This restrictive standard of review applies only to factual conclusions; ALJ's conclusions of law do not receive a similar presumption of validity. *Brown v. Sullivan,* 921 F.2d 1233, 1236 (11th Cir. 1991).

In this case, the ALJ found that, based on the whole record, Plaintiff was not disabled under the Social Security Act because she retained "residual functional capacity to perform a reduced range of medium work," such as house cleaning. (ALJ Decision at ¶¶ 5-6.) In so

finding, the ALJ recognized that treating physicians' opinions are to be afforded controlling or substantial weight if they are well-supported and consistent with the substantial evidence on record. (*Id.* at ¶ 5.)  The ALJ, however, found that neither condition was satisfied with respect to opinions of Plaintiff's treating psychiatrist, Dr. Hernandez.  Dr. Hernandez opined that Plaintiff would have a "poor" (seriously limited but not precluded) ability to perform occupational, performance, and social adjustment in virtually all areas.  Plaintiff argued that this assessment indicates that she is unable to perform the basic mental demands of unskilled work on a regular and sustained basis.  The ALJ disagreed.  The ALJ found that Plaintiff's interpretation of Dr. Hernandez's assessment of her condition was not well-supported by Dr. Hernandez's own notes and was inconsistent with the substantial evidence on record.  There was no record evidence that Dr. Hernandez conducted any objective testing of Plaintiff's ability to work during the relevant time period.  Also, there was substantial evidence to the contrary on the record.  The ALJ recognized that in 2004, Plaintiff was diagnosed with a depressive disorder, but that subsequent notes from the Miami Behavioral Health Center through 2007 indicated significant improvement on medication.  Moreover, she was consistently alert and fully oriented to time place and person without any evidence of confusion, and her attitude, speech, motor behavior, thought processes, and memory were also unremarkable/normal.

      Thus, contrary to Plaintiff's arguments, the ALJ did not err in giving less than controlling weight to Dr. Hernandez's opinion because the ALJ specified the good cause reasons for declining to do so and there was substantial evidence supporting his decision.  *See Lewis v. Callahan*, 125 F.3d 1436, 1440 (1997) (stating that treating physician's opinion need not be accorded substantial weight when there is good cause, and ALJ's reasons are specified).  For

these same reasons, the ALJ did not err in giving more weight to the opinions of consultative physicians and State agency review psychologists.  *See Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984) (stating that an ALJ may reject a treating doctor's opinion upon a finding that it is contrary to the evidence).

Lastly, the Court considers Plaintiff's argument that the ALJ erred by failing to pose complete hypothetical questions to the vocational expert.  "In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999).  "However, the ALJ is not required to include findings in the hypothetical that the ALJ properly rejects." *Wright v. Comm'r of Social Security*, 2009 WL 1101375, *1 (11th Cir. Apr. 24, 2009) (unpublished decision) (citing to *Crawford v. Comm'r of Social Security*, 363, F.3d 1219, 1227 (11th Cir. 2002)).  "A hypothetical need not include each and every symptom alleged by a claimant." *Id.* (internal quotations and citation omitted).

The ALJ gave substantial weight to the vocational expert's testimony that Plaintiff has past relevant work as a house cleaner and that she could still perform this work.  Plaintiff argues that this testimony should not be afforded substantial weight because it was in response to the ALJ's hypothetical, which did not include the limitations placed on Plaintiff by Hernandez and the state agency psychologist, Lee Reback, Psy.D.  The ALJ's hypothetical, however, did not need to include limitations that he properly rejected.  *Wright,* 2009 WL 1101375 at *1.  As stated above, the ALJ properly rejected Hernandez's assessment because it was not well-supported, nor consistent with the substantial evidence on record.  The ALJ also properly rejected Reback's assessment that Plaintiff was "moderately limited" in her ability to complete a normal workday

4

without interruptions from psychologically-based symptoms because Reback also concluded that she was able to perform activities within a schedule, maintain regular attendance, be punctual, and sustain an ordinary routine without supervision.

In conclusion, the Court has reviewed Plaintiff's claims and objections but agrees with the analysis contained in the Magistrate Judge's Report, and, having conducted a *de novo* review of the record, it is hereby

ORDERED AND ADJUDGED that the Magistrate Judge's Report is RATIFIED, ADOPTED, and AFFIRMED. It is further

ORDERED AND ADJUDGE that Plaintiff's Motion is DENIED and Defendant's Motion is GRANTED.

DONE AND ORDERED in Chambers at Miami, Florida, this 18th day of August, 2009.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
counsel of record